**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN G. DEWEESE | : | |
| | : | |
| Appellant | : | No. 776 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 6, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000015-2022

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 12, 2025**

The matter returns to this Court following the Pennsylvania Supreme Court's decision in **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025). Appellant, Bryan G. DeWeese, appeals from the January 6, 2023 Judgment of Sentence entered in the Pike County Court of Common Pleas following his guilty plea to one count each of Driving Under the Influence ("DUI") – Highest Rate and Recklessly Endangering Another Person ("REAP").[1]  He argues that because he accepted an Accelerated Rehabilitative Disposition ("ARD") for his first DUI offense, the sentencing court erred in treating his current DUI conviction as a second offense and imposing a mandatory minimum sentence for a second offense.  This Court initially affirmed Appellant's judgment of

_____

[1] 75 Pa.C.S. § 3802(c); 18 Pa.C.S. § 2705, respectively.

sentence in a non-precedential decision entered on May 14, 2024.[2] *Commonwealth v. DeWeese*, 321 A.3d 953 (Pa. Super. 2024) (non-precedential decision), *vacated*, ___ A.3d ___, 2025 WL 1774771 (Pa. June 27, 2025) (*per curiam*).

On May 30, 2025, however, our Supreme Court issued its decision in *Shifflett*, in which it severed and invalidated the provision of Section 3806[3] allowing "a previous acceptance of ARD to be used as a basis for an enhanced sentence under Section 3804[.][4]" *Shifflett*, 335 A.3d at 1178. The Court held that this portion of the provision was facially unconstitutional under the Sixth Amendment.[5] *Id.* The Supreme Court thus vacated our original decision and remanded the matter for reconsideration in light of *Shifflett*.

In light of *Shifflett*'s holding that it is unconstitutional to enhance Appellant's sentence based on his acceptance of ARD, we now conclude that the trial court erred in classifying Appellant's ARD-DUI as a prior offense for

_____

[2] Then-existing precedent held that a prior DUI for which a defendant accepted ARD could lawfully be considered a "prior offense" for the purposes of sentencing on a subsequent DUI. *See Commonwealth v. Richards,* 284 A.3d 214, 220 (Pa. Super. 2022) (*en banc*), *appeal granted*, 294 A.3d 300 (Pa. 2023), *abrogated by Shifflett*, 335 A.3d at 1176; *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (*en banc*), *vacated*, 284 A.3d 227 (Pa. 2025).

[3] 75 Pa.C.S. § 3806.

[4] 75 Pa.C.S. § 3804.

[5] U.S. Const. amend. VI.

purposes of sentencing and grading Appellant's instant conviction of DUI as his second offense. We, therefore, reverse and remand for resentencing.

Judgment of sentence reversed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025